FILED

OCT 09 2012

DAVID CREWS, CLERK
By_____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:12CR002-M

RYAN DANDRE HEARN

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count Two of the Indictment. Count Two charges that RYAN DANDRE HEARN, on or about July 9, 2009, did knowingly steal and unlawfully take and carry away firearms, that is a Smith and Wesson Victory Model .38 caliber revolver, serial number V51538; a Ruger, Model Single Six .22 caliber revolver, serial number 69-66493; and a Bryco Arms, Model Jennings Nine 9mm automatic pistol, serial number 1576141, from the person, premises, and business inventory of The Gold Exchange located in Nettleton, Mississippi, a business licensed to engage in the business of dealing in firearms, which firearms had previously been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(u) and 924, which carries maximum possible penalties of not more than 10 years imprisonment; not more than $250,000 fine, or both; Supervised Release of not more than 3 years; Special Assessment of $100 for each count, which in this case would be $100.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge(s) and agrees to dismiss all other counts of the Indictment as to this defendant upon conclusion of sentencing on Counts Two, ~~and Three~~.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6. ACKNOWLEDGMENTS: No Other Agreements; Defendant Is in Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not

the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the **5** day of **October**, 2012.

                                                FELICIA C. ADAMS
                                                United States Attorney
                                     by: John M. Alexander
                                         Assistant U.S. Attorney

AGREED AND CONSENTED TO:       APPROVED:

_____       _____
RYAN D'ANDRE HEARN              ROBERT W. DAVIS, JR.
Defendant                                  Attorney for Defendant
                                                  Bar No. 10411