**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RYAN DANDRE HEARN**                                                                                          **PETITIONER**

**v.**                                                                                                      **No. 1:12cr2-MPM**

**UNITED STATES OF AMERICA**                                                                              **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Ryan Dandre Hearn to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

**Facts and Procedural Posture**

Petitioner Hearn was charged with conspiracy to steal firearms from a licensed firearms dealer (Count I), aiding and abetting in the theft of firearms from a licensed firearms dealer (Count II), and possession of stolen firearms (Count III), in a three (3) count indictment. ECF doc. 1. Hearn pleaded guilty to Count 2 of the indictment, aiding and abetting in the theft of firearms. ECF doc. 51. Hearn was sentenced, pursuant to 18 U.S.C. §2 and 922(u), to a term of ninety (90) months to be followed by three (3) years of supervised release, and ordered to pay $11,741.85 in restitution. ECF doc. 58. Counts I and III of the indictment were dismissed. ECF doc. 58, pg. 1.  Hearn appealed his sentence, asserting that it was unreasonable. The Fifth Circuit affirmed Hearn's sentence, finding that, "[t]he sentence imposed was reasonable under the totality of the circumstances." ECF doc. 70, *United States v. Hearn*, 570 Fed. Appx. 395, 396 (5th Cir 2014). On June 3, 2015, Hearn filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. ECF doc. 71.

# Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under § 2255 is the same as that of a petition for a writ of *habeas corpus. Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. § 2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant is may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

**Hearn's §2255 Claims**

In the instant §2255 motion, Hearn makes the following claims for relief, which the court has restated for clarity:

| | |
|---|---|
| Ground One: | Ineffective assistance of counsel for pressuring Hearn to plead guilty based on promises of leniency. |
| Ground Two: | Ineffective assistance of counsel at sentencing and on direct appeal. |
| Ground Three: | Ineffective assistance of counsel for failing to require the Government to prove the essential elements of the crime. |

While Hearn listed Grounds Two and Three in his §2255 petition, Hearn noted that these claims were to be "reserved," and he would amend his memorandum to provide argument in support. However, the docket does not reflect that Hearn ever amended his filings or that the government responded to these claims. As such, to the extent these claims were raised by Hearn, such conclusory allegations are insufficient to satisfy the prejudice prong of *Strickland, infra. Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008), *citing Green v. Johnson*, 160 F.3d 1029, 1041 (5th Cir. 1998).[1] Further, such conclusory allegations are subject to summary dismissal under §2255 review. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, Hearn's unsupported conclusory allegations in Grounds Two and Three are summarily dismissed and will not be addressed herein.

---

[1] These cases were based on §2254 petitions. However, the Supreme Court has recognized, "there can be no doubt that the grounds for relief under §2255 are equivalent to those encompassed by §2254, the general federal habeas corpus statute, under which relief is available on the ground that '(a person) is in custody in violation of the Constitution or laws or treaties of the United States.'" *Davis v. United States*, 417 U.S. 333, 344, 94 S. Ct. 2298, 2304, 41 L. Ed. 2d 109 (1974).

**Ground One: Ineffective Assistance of Counsel Regarding Plea**

In Ground One, Hearn alleges that he received constitutionally ineffective assistance of counsel because his attorney allegedly pressured Hearn into accepting a plea agreement based on promises of leniency, namely that he would receive a sentence within the statutory guidelines of less than sixty (60) months. According to Hearn, his attorney was ineffective for failing to memorialize the alleged promise of a sixty (60) month term and misrepresenting the potential sentence. Further, Hearn claims that he would have received a less severe sentence had he gone to trial.

The right to effective assistance of counsel extends to the plea-bargaining process, and the Supreme Court has held, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012). To prove that his counsel rendered ineffective assistance of counsel, Hearn must prove that counsel's representation was deficient, and that the deficiency prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been

different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, Hearn cannot meet this standard.

Hearn alleges he was promised that he would receive a sentence within the statutory guidelines of less than sixty (60) months. However, at his change of plea hearing, Hearn acknowledged that the maximum penalty for his crime was ten (10) years imprisonment, three (3) years supervised release, and a $250,000 fine. ECF doc. 51, pp. 7-8. In addition, the government read the substance of the plea agreement into the record, and Hearn stated that it was an accurate statement of the agreement. *Id*. at 8-10. Hearn stated under oath that no one had made him any promises in exchange for his guilty plea. *Id*. at 10. Further, Hearn stated that he had discussed the application of the sentencing guidelines to his case with his attorney, that he understood the actual potential sentence may differ from his attorney's estimate, and that the Court had the authority to depart from the guidelines and impose a more severe sentence. *Id*. at 11. Hearn also stated he was satisfied with the representation of his attorney and was pleading guilty of his own free will. *Id*. at 5. In a case similar to this one, the Fifth Circuit Court of Appeals found that the defendant had waived his right to appeal or collaterally attack his conviction or sentence. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994). In that case, as in the instant case, the defendant argued that "his guilty plea was involuntary and/or a result of ineffective assistance and of counsel's failure to advise him of the contents of the plea agreement." *Wilkes*, 20 F.3d at 653. The Fifth Circuit held that "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* (quoting *Blackledge* at 73-74.) In addition, as Wilkes "[had] provided no evidence that he did not understand the consequences of his actions,"

his attorney would "not be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Id.*

Moreover, Hearn is mistaken in his allegation that he would have received a lighter sentence had he gone to trial. In exchange for his guilty plea, two (2) additional charges against Hearn were dismissed. As the government asserted, had Hearn decided to proceed to trial rather than plead guilty, he would have faced up to twenty (25) years incarceration on the three (3) charges for which he was indicted. Instead, Hearn received a sentence of ninety (90) months and three (3) years of supervised release. ECF doc. 64, pg. 21. While, the court did impose an upward departure from the sentencing guidelines in this case due to the violent nature of the crime, this departure was supported by the facts of this case. *Id.* at 19. Hearn's counsel provided testimony and argument against an upward departure. However, despite counsel's best efforts, the sentence imposed was reasonable.

Hearn has failed to demonstrate that his attorney was deficient in his representation of Hearn nor has Hearn demonstrated that he was prejudiced in any way. On the contrary, Hearn's sentence was reasonable given the totality of the circumstances. As such, this claim lacks merit and is dismissed.

### Conclusion

As discussed above, Hearn's claim in Ground One lacks merit, and the instant motion to vacate, set aside, or correct Ryan Dandre Hearn's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 1st day of September, 2017.


                                        **/s/ MICHAEL P. MILLS**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**